IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LATRINA HAWKINS,

        Plaintiff,

v.                                  Case No. 6:16-cv-01265-JTM-GEB

STARWOOD HOTELS AND RESORTS,

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Latrina Hawkins filed this action in Sedgwick County District Court on June 2, 2016, alleging that her employment with defendant Starwood was wrongfully terminated on November 19, 2014. Plaintiff's petition did not clearly identify the basis of any claim, although accompanying documents indicated she had previously filed an administrative complaint alleging discrimination on account of race and disability. Starwood removed the action on June 28, 2016, asserting federal question jurisdiction based on plaintiff's apparent intent to assert claims under Title VII and the Americans with Disabilities Act. (Dkt. 1).[1]

This matter is now before the court on Starwood's Motion to Dismiss (Dkt. 6). The motion alleges that the bare-bones petition fails to state a valid claim for relief under either Title VII or the ADA. Starwood filed the motion on June 30, 2016, and its certificate of service states that a copy was mailed to plaintiff at 2250 S. Oliver, Apt. 304,

---

[1] Filings indicate that the actual name of the defendant is Starwood Reservations, LLC. Dkt. 8-1 at 23.

in Wichita. That was the address listed by plaintiff in a state court affidavit. Plaintiff has filed no response to the motion and the time for doing so has now expired.[2]

The court construes plaintiff's pro se petition liberally, but it cannot assume the role of advocate for her. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). After examining the record and the merits of the motion to dismiss, the court concludes that the motion should be granted. To state a plausible claim, the complaint must contain sufficient factual matter, accepted as true, to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading does not suffice if it offers only "labels and conclusions" or "tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Id*. (citation omitted). Plaintiff's petition simply fails to allege or explain any potential claim of discrimination under Title VII or the ADA. As defendant points out, the petition does not allege any supporting facts tending to show that she was terminated on account of race or because of a disability. Absent factual allegations plausibly outlining such a claim, the petition fails to state a claim upon which relief can be granted, making it subject to dismissal under Fed. R. Civ. P. 12(b)(6).

Because plaintiff proceeds pro se, and because the above deficiencies could be cured by a proper pleading, the court will reserve ruling on the motion to dismiss for a period of twenty days. Plaintiff is granted leave during that period to file an amended complaint that adequately states a claim for relief. If no such complaint is filed within

---

[2] The local rules of this court provide in part: "If a responsive brief or memorandum is not filed within the D. Kan. Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." D. Kan. R. 7.4(b). In this instance, despite plaintiff's failure to respond, the court has instead examined the merits of the motion.

the twenty day period, the motion to dismiss will be granted and the action will be dismissed.

**IT IS THEREFORE ORDERED** this 25th day of August, 2016, that the court takes Starwood's Motion to Dismiss (Dkt. 6) under advisement for a period of twenty days. Plaintiff is granted twenty days leave to file an amended complaint adequately setting forth her claims. If no such complaint is filed, a judgment dismissing the case will be entered.

                                      ___s/ J. Thomas Marten_____
                                      J. THOMAS MARTEN, JUDGE